IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DonSurvi Chisolm, | ) | Civil Action No.: 4:14-cv-4364-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jennifer Franklin, Michael McCall, | ) | |
| and Jessica Edmunds, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at McCormick Correctional Institution ("MCI").

This matter is now before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on January 29, 2016 (ECF No. 59). In his R&R, the Magistrate Judge recommended that the court should grant the defendants' motion for summary judgment (ECF No. 48), deny the plaintiff's motion for summary judgment (ECF No. 45), and deem all other pending motions moot.[2] On February 16, 2016, Plaintiff timely filed Objections to the R & R. (ECF No. 61). Defendants filed a Reply to the Objections on February 19, 2016.

**Background Facts**

The Magistrate Judge has accurately set forth the pertinent facts. However, the Court will

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636 and Local Rule 73.02, D.S.C.

[2] Also pending are Plaintiff's [34] Motion to Compel, [44] Motion to Amend Complaint, and [56] Motion for Class Action Status.

briefly summarize the plaintiff's allegations. In his Amended Complaint (ECF No. 23), construed liberally, Plaintiff alleges that Defendant Franklin, the Postal Director at MCI, violated his constitutional rights by interfering with his incoming and outgoing mail. He alleges that Franklin forwarded a non-legal letter which he attempted to mail to the Correspondence Review Committee (CRC) "after she deemed the Spanish content questionable." (Am.Compl., ECF No. 23, p. 2) He complains of "the apparent discrimination of the Spanish language." He also objects to the mailroom staff "strictly scrutiniz[ing] mail from the Special Management Unit (SMU), where he was allegedly housed from July 24, 2014 through February 14, 2015. He alleges that some of his outgoing mail was never delivered and that Defendants withheld or tampered with his legal mail. He complains that Spanish language Buddhist publications were not delivered to him while in the SMU. He alleges that Defendant Edmunds is the Postal/Mailroom Coordinator for SCDC and supervises mailroom staff. He alleges that Director Michael McCall approves all SCDC policies. He alleges that the defendants' "blatant discrimination, retaliatory attacks and disregard/disruption of the plaintiff's religious beliefs and free speech violated his rights under the Equal Protection Clause of the First Amendment and religious rights under the Religious Land Use and Institutionalized Persons Act. The defendants (sic) retaliatory attacks also violated these rights under the United States Constitution." *Id*. at p. 9.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Magistrate's Recommended Findings**

In the R&R, the Magistrate Judge finds that each of Plaintiff's claims fails. He finds that Plaintiff's claim relating to legal mail fails as an access to courts claim because mail to the South Carolina Budget and Control Board is not considered legal mail under SCDC policy, and the plaintiff did not show actual injury. He finds that SCDC policy regarding delivery of non-legal mail to CRC for review of the Spanish language portions of the mail did not violate Plaintiff's constitutional rights. As to Plaintiff's equal protection claim, the Magistrate Judge finds that the plaintiff failed to show that similarly situated individuals were treated differently; failed to show that forwarding mail which the mail staff could not translate to the CRC for review for contraband or to determine whether it posed a security risk was not reasonably related to a legitimate penological interest; and failed to show that the alleged unequal treatment resulted from intentional discrimination on the part of the defendants. He further finds that, under SCDC policy as shown by Defendants' affidavits, the Buddhist publications were withheld because Plaintiff was in SMU, and Plaintiff has not shown that this policy was

constitutionally infirm. The Magistrate Judge also finds that any claim under RLUIPA fails because Plaintiff did not show that the policies imposed a substantial burden on his exercise of religion. Additionally, the Magistrate Judge finds that Defendants Edmond (the Agency Mailroom Coordinator for SCDC) and McCall (the Deputy Director of Operations of SCDC and previously the warden at Perry Correctional and Lee Correctional Institutions) cannot be held liable as a matter of law in any supervisory capacity for any acts of others. Finally, he finds that, even if Defendants committed a constitutional violation, they are entitled to qualified immunity for any acts committed in their individual capacities; that the Section 1983 claims against the defendants in their official capacities for money damages are barred by the Eleventh Amendment; and that the Court should decline to exercise jurisdiction over any pendent state law claims.

## **Plaintiff's Objections**

Plaintiff states that "[t]he Court has ruled SCDC's mail policy is constitutionally sound" and does not object to that finding. (Obj., p. 1) He does, however, object to the Magistrate Judge's recommended dismissal of his equal protection claim against Defendant Franklin. He asserts that Franklin was not following SCDC policy when she required review by the CRC of his mail which contained the Spanish language. He asserts that, when Edmunds instructed Franklin to discontinue sending Spanish mail to CRC, this was not a result of any change in the wording of the policy and that this shows that Franklin had not been following the policy and that she was interpreting the policy "as she saw fit against Chisolm". (Obj., p. 4) He contends that the affidavits that he submitted to the Court of other inmates who had not had their Spanish letters sent for review before mailing show that other similarly situated inmates were treated differently.

Second, Plaintiff states that the defendants failed to address his retaliation claim and that the

court failed to explain why this claim should be denied. He states that his retaliation claim relates to the RLUIPA claim and his claim relating to legal mail.

Third, Plaintiff asserts that "the claim against Jessica Edmunds must stand as well. She had direct knowledge of Franklin's actions against Chisholm." (Obj., p. 7)

### **Discussion**

The plaintiff has not specifically objected to the Magistrate Judge's findings regarding access to courts in connection with legal mail or to his findings regarding the constitutionality of the prison mail policies. In addition, he has not objected to the Magistrate's findings regarding qualified immunity for defendants' actions in their individual capacities; Eleventh Amendment immunity for any official acts; and pendent jurisdiction over any state law claims. The Court has reviewed these recommendations for clear error and finds none. Even under a *de novo* review, the Court finds no error.

Contrary to the plaintiff's arguments regarding his retaliation claim, the defendants did address the claim in their brief. However, the Magistrate Judge did not discuss the claim. Therefore, this Court will analyze the plaintiff's arguments. The plaintiff has not offered any evidence other than his personal belief that the defendants' actions were retaliatory. The Court is not required to "accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also Woods v. Edwards*, 51 F.3d 577 (5th Cir. 1995) (affirming the grant of summary judgment for the defendants where the prisoner offered no evidence other than his personal belief that the alleged retaliatory actions were based on his exercise of his rights); *Atkinson v. Bohn*, 91 F.3d 1127 (8th Cir. 1996) (per curiam) (holding that speculative and conclusory allegations cannot support a retaliation claim); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995) (dismissing a retaliation claim where the plaintiff relied only on his own conclusory allegations suggesting that prison official's

5

actions were motivated by a retaliatory animus); *Wright v. Vitale*, No. 91-7539, 1991 WL 127597 at *1 (4th Cir. July 16, 1991) (unpublished opinion) (granting summary judgment to defendants on retaliation claim based on conclusory statements). Plaintiff has provided the Court with nothing other than his own conclusory allegations regarding his retaliation claim. Therefore, the Court grants the defendant's motion for summary judgment on the retaliation claim.

Because the plaintiff did not object to the Magistrate Judge's findings regarding the applicability of qualified immunity and Eleventh Amendment immunity of the defendants, summary judgment should be granted to the defendants on the equal protection claim and regarding supervisory liability. However, out of an abundance of caution, the Court will address those arguments.

Under the Equal Protection Clause of the Fourteenth Amendment, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Unless a state policy involves a suspect class or a fundamental right, it will be sustained "if there is a rational relationship between the disparity of treatment and some legitimate governmental purposes." *Heller v. Doe*, 509 U.S. 312, 319-320 (1993). "When equal protection challenges arise in a prison context, however, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. In a prison context, therefore, we must determine whether the disparate treatment is 'rationally related to [any] legitimate penological interests." *Veney v. Wyche*, 293 F.3d

6

726, 732 (4th Cir. 2002) (internal citations omitted).

Plaintiff refers in his objections to affidavits of other inmates that he has filed with the Court. However, even if the Court were to assume that these inmates were similarly situated to the plaintiff in that they mailed and/or received in the mail letters in Spanish while incarcerated at the same prison, the plaintiff has not shown that the alleged unequal treatment resulted from any intentional or purposeful discrimination by the defendants. Therefore, the motion for summary judgment is granted on the equal protection claim.

Plaintiff's objections to the Magistrate Judge's finding that Defendant Edmunds[3] cannot be held liable as a matter of law in any supervisory capacity lack merit. He has failed to provide any evidence to meet the required elements. These elements are set forth in the Magistrate's Report at Page 21-22:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal citations omitted).

As to the first element, Plaintiff asserts that Edmunds had knowledge that Franklin was referring the Spanish mail to the committee and did not direct her to change this practice until April of 2015. However, the Court has found that the mail practices did not result in constitutional injury. Also, Plaintiff has failed to show that Edmunds was deliberately indifferent to the practice. A plaintiff cannot establish deliberate indifference by "pointing to a single incident or isolated incidents, for a supervisor

---

[3] Plaintiff filed a second motion to amend his complaint to substitute Bryan Sterling for Defendant Michael McCall, as Sterling is the Director of SCDC. (ECF No. 44) As noted by the Magistrate Judge, the allegations against Sterling would be based on supervisory liability. The Court finds that the motion to amend must be denied on the basis that granting it would be futile. The plaintiff has not shown facts to support each of the elements of supervisory liability as to McCall or Stirling. Also, the motion to amend was not timely filed under the scheduling order for the case. *See* R&R, p. 22, note 9. The Court denies the plaintiff's second motion to amend.

cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Therefore, the Court overrules the plaintiff's objections regarding supervisory liability.

## **Conclusion**

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the R & R of the Magistrate Judge. The defendants' [48] motion for summary judgment is granted, and the plaintiff's [45] motion for summary judgment is denied. The plaintiff's remaining motions are denied as moot.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 14, 2016